# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| LAYLA MOORE | § |
| | § |
| V. | §   A-18-CV-363-LY |
| | § |
| BAYLOR SCOTT & WHITE HEALTH | § |

## ORDER

Before the Court are Plaintiff's Motion to Compel (Dkt. No. 11); Defendant's Response (Dkt. No. 16); and Plaintiffs' Reply (Dkt. No. 19). The District Court referred the motion to the undersigned for resolution pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rules 1(c) of Appendix C of the Local Court Rules.

## I.  BACKGROUND

Layla Moore, who is African-American, was hired by Baylor Scott & White Health ("BSW") in May 2016 and worked for several months at BSW's family medicine clinic in Copperas Cove, and then transferred to their urgent care clinic in August 2016. BSW terminated Moore on December 22, 2016. Moore contends that she was terminated because of her anxiety disorder, and because she complained about an alleged racial comment. BSW contends that Moore was fired after she refused to return to work. Moore brings this failure to accommodate and wrongful termination case under the Americans with Disabilities Act, and the Texas Commission on Human Rights Act.

This motion concerns the second set of written discovery Moore served on BSW, seeking time and attendance records, disciplinary records, and related materials for potential comparators, her manager's communications about her, and documents demonstrating patient complaints that BSW allegedly received about Moore. BSW objects to the discovery on the grounds that it is overly broad, and seeks confidential and private information. BSW contends that any comparator records

should be limited to the clinic location where Moore worked, and argues it should not have to produce records from other clinics. BSW also complains that the time period of the requests is too broad.

## II. ANALYSIS

The discovery requests at issue seek information that is directly relevant to the claims and defenses, and are reasonably limited in time. BSW's argument that the comparator records should be limited to the clinic location where Moore worked is without merit as all of the facilities were managed by the same individual and all of the facilities employed individuals with the same title as Moore. The Court further finds that Moore's request for disciplinary notices for all policy violations is reasonable since Moore must show how her disciplinary history compares with that of other similarly situated employees, and those comparators could include employees with far worse disciplinary histories who were *not* terminated. Such information is clearly relevant to Moore's claims. Finally, the Court finds that any privacy and confidentiality concerns can be alleviated by two means: (1) the entry of a protective order and designation of the records as confidential or attorney's eyes only, and (2) the redaction of personal medical information. Thus, BSW must produce the medical chart excerpt requested in Request for Production No. 22, and may use one or both of these mechanisms to maintain the confidentiality of the records.

Accordingly, Plaintiff's Motion to Compel (Dkt. No. 11) is **GRANTED**, and BSW is **ORDERED** to produce to Moore documents responsive to Request for Production Nos. 2, 3, 5, 6, 7, 9, 15, 16, 19, 20, 21, 22, and 23. The documents shall be produced by June 22, 2019, unless both parties agree to a different production date.

SIGNED this 5th day of June, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE